

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,635-01

### EX PARTE CLARENCE MCCLURE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 08-163-K368 IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*. KEASLER, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to ten years' imprisonment.

In a single ground, Applicant, represented by counsel, alleges that his guilty plea is involuntary. We will deny relief.

Applicant argues that the State's agreement to waive the affirmative finding of a deadly weapon and testimony at a later adjudication hearing about the deadly weapon issue shows that he

was only charged with a third degree felony rather than first degree aggravated assault of a peace officer with a deadly weapon and should have been admonished accordingly. TEX. PENAL CODE § 22.02(b)(2)(B) (West 2008).

The indictment alleged aggravated assault of a peace officer with a deadly weapon, and contained an additional paragraph providing notice that the State would seek an affirmative finding of the use or exhibition of a deadly weapon. Applicant's judicial confession admitted committing "aggravated assault on a public servant as charged within the indictment . . .". As part of the plea agreement, the State waived its deadly weapon allegation, meaning that applicant's case would not be treated as "aggravated" by prison authorities. TEX. CODE CRIM. PROC. art. 42.12 §3g(a)(2) (West 2008).

Applicant does not allege that his counsel erred or that there was "no evidence" to support his conviction. This Court has recently reiterated that fact finders have discretion to decline to make a deadly-weapon finding, even when it is a necessary element of the charged offense and the defendant has been found guilty of the charged offense. *Guthrie-Nail v. State*, 506 S.W.3d 1 (Tex. Crim. App. 2015). Applicant was charged with and convicted of committing a first degree felony. The record does not support the habeas court's conclusion that Applicant was wrongly admonished about the applicable range of punishment. Accordingly, we deny relief.

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: June 7, 2017
Do not publish